Law Library

FILED
SUPERIOR COURT
OF GUAM

'92 MY -5 PM 12: 50

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

## SMALL CLAIMS DIVISION

MORRICO EQUIPMENT LLC,                    )
                                          )   **SMALL CLAIMS CASE NO. SD0551-12**
                 Plaintiff,               )
                                          )
                                          )   **DECISION AND ORDER**
        vs.                               )
                                          )
                                          )
                                          )
LEONARD JAMES MANIBUSAN                    )
                                          )
                 Defendant.               )
                                          )
                                          )
                                          )

## INTRODUCTION

The matter before the Court came on Plaintiff Morrico Equipment L.L.C's (hereinafter "Plaintiff" or "Morrico") claim for refund of a "Past Performance Bonus" paid to Defendant, Leonard James Manibusan (hereinafter "Defendant" or "Manibusan"). On September 14, 2012, a trial in this matter was held before the Honorable Benjamin C. Sison, Jr. who took the matter under advisement. Appearing for Plaintiff were Plaintiff's full-time employees Torgun Smith (hereinafter "Smith"), Rene Molinos (hereinafter "Molinos"), and Ross Morrison (hereinafter "Morrison"). The Defendant appeared *pro se*. Having reviewed the evidence presented and the applicable law, the Court now issues its Decision and Order.

## BACKGROUND

Manibusan entered into an Employment Agreement with Morrico on November 13, 2007 (the "Employment Contract"). The Employment Contract provided that Manibusan's employment was as an "At-Will" Employee entitled to compensation in the amount of Eleven

Page 1

Dollars ($11.00) per hour, health benefits, vacation leave, and business mileage rate reimbursement.

On or about April 24, 2012, Manibusan presented a letter of resignation to Molinos, informing Molinos that he is terminating his employment with Morrico and his last day of work would be May 5, 2012. On or about April 25, 2012, Manibusan met with Smith, Molinos and Morrison over lunch to discuss Manibusan's resignation and the possibility of restructuring Manibusan's compensation package as an incentive for Manibusan to rescind his letter of resignation and continue his employment with Morrico. Manibusan was presented with a memorandum dated April 26, 2012 (hereinafter as the "Offer") stating the following:

"In response to your letter of resignation dated 04/24/2012. [sic] We would like to make the following offer and hopefully that you will reconsider.

| Past Performance Bonus | $5,000.00 |
| Increase Annual Salary | $32,000.00 |

Other benefits and incentives remain the same. Such medical insurance, quarterly incentives, daily service vehicle with gas, airline mileage, 2 week annual vacation, paid holidays, etc.

On or about April 28, 2012, Manibusan informed Molinos that he would accept the Offer but requested that one half of the Past Performance Bonus (hereinafter the "Bonus") referred to in the Offer be provided to him that day. Smith delivered a personal check in the amount of Two Thousand Five Hundred Dollars ($2,500.00) to Manibusan that same day. Several days later, on or about April 30, 2012, Manibusan was given the remaining balance of the Bonus (less payroll taxes).

On or about May 4, 2012, Manibusan advised Molinos that he decided not to continue his employment with Morrico. Manibusan ceased his employment with Morrico that same day. Morrico claims that the Bonus was contingent on Manibusan rescinding his letter of resignation and continuing his employment with Morrico uninterrupted. Manibusan on the other hand claims

that the Bonus was for "Past Performance" meaning it was already earned during his employment with Morrico and he therefore is not required to return the Bonus amounts.

## DISCUSSION

As an initial matter, Defendant does not dispute the factual circumstances as set forth above. His sole argument for retention of the Bonus was that it was for "Past Performance", meaning that he had already earned the Bonus amount as a result of work already performed for Morrico. While Morrico does categorize the Five Thousand Dollar Bonus as a "Past Performance Bonus", it is clear from the context of the "Offer" and the course of conduct by the parties, that the "Bonus" was actually a "Retention Bonus" offered to Manibusan as an enticement for him to continue his employment with Morrico. Manibusan's failure to continue his employment with Morrico beyond May 5, 2012 constituted a rejection of the Offer and any sums paid to Manibusan in advance must be returned. Manibusan's claim that he was entitled to the Bonus amount as a condition of his employment with Morrico is also not supported by his written Employment Agreement with Morrico executed in 2007. No where in the Agreement does it state that he is entitled to anything beyond his compensation of Eleven Dollars ($11.00) per hour, health benefits, vacation leave, and business mileage rate reimbursement.

## CONCLUSION

Based upon the foregoing, judgment is hereby rendered against the Defendant in favor of Plaintiff in the amount of Five Thousand Dollars ($5,000.00). Defendant shall also reimburse Plaintiff for court costs and fees related to this matter.

NOV 0 5 2012

SO ORDERED this _____ day of _____, 2012.

Original Signed By:
Honorable Benjamin C. Sison Jr.
Traffic/Small Claims Referee

**BENJAMIN C. SISON, JR., Court Referee**
**Superior Court of Guam**

NOV 0 5 2012

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam

Page 3